**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOROTEO GONZALEZ-AGUILAR, | No. 19-71679 |
| Petitioner, | Agency No. A200-831-989 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Doroteo Gonzalez-Aguilar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying Gonzalez-Aguilar's motion to reopen to reassess his eligibility for cancellation of removal on the ground that the new evidence submitted was not likely to change the result in his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to reopen proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

We reject as unsupported by the record Gonzalez-Aguilar's contention that the BIA erred by failing to consider future hardship his wife's pregnancy would have on his two United States citizen children because the record shows that his motion to reopen only raised contentions of hardship as to his third unborn child. To the extent Gonzalez-Aguilar contends the BIA erred by failing to conduct a cumulative analysis of exceptional and extremely unusual hardship to these two children, his contention fails. *See Najmabadi*, 597 F.3d at 990 (the BIA need not write an exegesis on every contention).

2                                                                                    19-71679

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**